UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| BRIAN KENNETH TAYLOR,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>TEREMA CARLIN,<br><br>　　　　　　Respondent. | Case No. 3:15-cv-00297-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Brian Kenneth Taylor's Petition for Writ of Habeas Corpus. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that the only claim in the Petition is procedurally defaulted. (Dkt. 12.) The Motion is now ripe for adjudication. (Dkt. 14, 16.)

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case with prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Taylor*, Docket No. 41888, Op. 399 (Idaho Ct. App. March 9, 2015) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner entered a conditional guilty plea in the Second Judicial District in Latah County, Idaho, to four counts of sexual abuse of child under the age of sixteen, four counts of lewd conduct with a child under the age of sixteen, and one count of sexual exploitation of a child, in violation of Idaho Code §§ 18-1506(1), 18-1508, and 18-1507(2)(b). (State's Lodging B-4 at 1.) Petitioner received a unified sentence of life imprisonment with 25 years fixed. (*Id.* at 7.)

Petitioner appealed, arguing, in relevant part, that the trial court should have granted his motion to suppress camera memory cards that were found in Petitioner's home. Petitioner claimed that, during the search, the police coerced him into providing statements disclosing the location of the memory cards. (State's Lodging B-2.) The Idaho Court of Appeals affirmed. (State's Lodging B-4.) Petitioner did not file a petition for review with the Idaho Supreme Court, and the Idaho Court of Appeals issued its remittitur. (State's Lodging B-5.)

In the instant federal habeas corpus petition, Petitioner asserts a single claim—that the trial court should have granted his motion to suppress evidence because Petitioner's statements as to where to find the memory cards were involuntary in violation of the Fifth Amendment. (Dkt. 1 at 6-9.)

**MEMORANDUM DECISION AND ORDER - 2**

# DISCUSSION

In the Motion for Summary Dismissal, Respondent argues that Petitioner's claim is procedurally defaulted.

## 1.    Standards of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[1] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

---

[1]     The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 11, 15.)

**MEMORANDUM DECISION AND ORDER - 3**

In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan*, 526 U.S. at 847. In Idaho, all appeals from district courts initially go to the Idaho Supreme Court. That court then assigns certain cases to the Idaho Court of Appeals, which is required to decide all such assigned cases. *See* Idaho App. R. 108. Generally, cases that are assigned to the court of appeals are those "involv[ing] existing legal principles" as opposed to cases of first impression. *Id*. Once the Idaho Court of Appeals decides an assigned case, then the losing party may file a petition for review with the Idaho Supreme Court, which then determines whether to review the decision of the Idaho Court of Appeals. Idaho App. R. 118. A petition for review is a required step in the exhaustion process in Idaho. *O'Sullivan*, 526 U.S. at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**MEMORANDUM DECISION AND ORDER - 4**

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

2.    **Petitioner's Claim Is Procedurally Defaulted, and He Does Not Argue that Cause and Prejudice or Actual Innocence Excuses the Default**

The Idaho Court of Appeals rejected Petitioner's claim that his statements to police were involuntary. (State's Lodging B-4 at 4-6.) Petitioner did not file a petition for review with the Idaho Supreme Court, which was a required step in order to exhaust his claim. *See O'Sullivan*, 526 U.S. at 847. Petitioner asserts that the Idaho Supreme Court did, in fact, decide his appeal. (Dkt. 14.) However, a review of the record establishes that Petitioner is incorrect.

After Petitioner filed his direct appeal and once briefing was completed, the Idaho Supreme Court assigned the case to the Idaho Court of Appeals for resolution pursuant to Idaho Appellate Rule 108. (State's Lodging B-6.) The parties stipulated to submission without oral argument (State's Lodging B-7), and the court of appeals affirmed

**MEMORANDUM DECISION AND ORDER - 5**

Petitioner's convictions and sentences. The next step in order to exhaust his Fifth Amendment claim would have been to petition the Idaho Supreme Court for review. Because Petitioner did not do so, his claim is procedurally defaulted.

Petitioner does not contend that cause and prejudice or actual innocence excuses the procedural default of his habeas claim. Because Petitioner has not established an excuse for the default, the Court must dismiss this case with prejudice.

**ORDER**

**IT IS ORDERED:**

1.   Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and the Petition (Dkt. 1) is DISMISSED with prejudice.

2.   The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED:  **August 8, 2016**

_____
Honorable Ronald E. Bush
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**